IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JEDRZEJCZYK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:11-cv-05009 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Schenkier |
| | ) | |
| THE ALLSTATE CORPORATION, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |
| | ) | |

**JOINT INITIAL STATUS REPORT**

**I.     Nature of Claims and Counterclaims**

In Count One, Plaintiff alleges that Defendant obtained and/or used his credit report without a permissible purpose and under false pretenses in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f) and 15 U.S.C. § 1681q. In Count Two, Plaintiff asserts a claim for Invasion of Privacy based upon the same conduct.

Defendant, The Allstate Corporation ("Allstate") filed an Answer and Additional Defenses to Plaintiff's Complaint.  In its Answer, Allstate denies that Plaintiff is entitled to any relief.  Among other defenses, Allstate contends that both Counts of Plaintiff's Complaint fail to state a claim upon which relief can be granted because The Allstate Corporation never ordered or obtained Plaintiff's consumer report.  Allstate further contends that there was a permissible purpose under the

FCRA to obtain Plaintiff's credit report.

There are no counterclaims.

## II.     Relief Sought by Plaintiff

In Count One, Plaintiff seeks statutory damages, actual damages, punitive damages, and attorney's fees and costs pursuant to the FCRA, 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

In Count Two, Plaintiff seeks actual damages and punitive damages for the Invasion of Privacy claim.

## III.    Names of Parties not Served

None.

## IV.     Principal Legal Issues

a.  Whether Plaintiff's consumer report was used or obtained, if at all, pursuant to a permissible purpose under 15 U.S.C. §1681b.

b.  Whether Defendant willfully violated the FCRA under §1681n and §1681q.

c.  Whether Plaintiff's can establish a claim against Defendant for Invasion of Privacy by Intrusion Upon Seclusion.

## V.      Principal Factual Issues

a.  Whether Defendant obtained or used Plaintiff's consumer report.

b.  Whether Plaintiff consented to Defendant's obtaining his consumer report.

    c.    Whether Plaintiff sought an insurance quote or an insurance policy from Defendant.

    d.    Defendant's policies and procedures regarding obtaining or using consumer reports.

    e.    Plaintiff's damages, if any, and the extent and nature of any alleged damages.

**VI.    List of Pending Motions**

None

**VII.    Description of Discovery Requested and Exchanged**

None

**VIII.    Type of Discovery Needed**

The parties will need to propound interrogatories and document requests, and to depose persons with relevant knowledge regarding the principal factual issues identified in Section V.

**IX.    Proposed Discovery Dates**

    a.    Rule 26(a)(1) disclosures due by September 21, 2011.

    b.    Fact discovery closes on January 6, 2012.

    c.    Plaintiff's expert report(s) due January 13, 2012.

    d.    Defendant's expert report(s) due February 13, 2012.

    e.    Expert discovery closes on March 16, 2012.

    f.    Dispositive motions due by April 16, 2012.

    g.    Final pretrial order due on June 29, 2012.

## X. Trial Date

The parties estimate that this case will be ready for trial on August 6, 2012.

## XI. Length of Trial

1-2 days.

## XII. Request for Jury Trial

Both parties demanded a jury trial in their initial pleadings.

## XIII. Settlement Discussions

Some discovery of essential facts will be necessary before the parties are able to seriously discuss settlement. The parties do intend to thoroughly explore settlement at that time.

## XIV. Consent to Proceed Before a Magistrate Judge

The parties do not unanimously consent to proceed before a magistrate judge at this time.


Respectfully submitted,

| | |
|---|---|
| Robert Jedrzejczyk, Plaintiff | The Allstate Corporation, Defendant |
| By:   /s/ Timothy J. Sostrin | By:   /s/ Katharine E. Mellon |
|      One of his attorneys |      One of its attorneys |
| | |
| Keith J. Keogh | Keith Moskowitz |
| Timothy J. Sostrin | Katharine E. Mellon |
| Keogh Law, LTD. | SNR Denton US LLP |
| 101 N. Wacker Dr., Suite 605 | 233 S. Wacker Drive, Suite 7800 |
| Chicago, IL 60606 | Chicago, IL 60606 |
| 312.726.1092/312.726.1093 (fax) | 312.876.8000/312/876.7934 (fax) |
| TSostrin@keoghlaw.com | katharine.mellon@snrdenton.com |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2011, I electronically filed the foregoing joint status report via the Court's CM/ECF system, which will perfect service upon the following:

Keith Moskowitz
Katharine E. Mellon
SNR DENTON US LLP
Keith.moskowitz@snrdenton.com
Katharine.mellon@snrdenton.com

                                                  /s/ Timothy J. Sostrin